# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
RICHARD J. TUMAS,                *      No. 21-1718V
                                 *
                Petitioner,      *
                                 *
                                 *      Special Master Christian J. Moran
v.                               *
                                 *      Filed: November 10, 2025
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
                Respondent.      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner;
Catherine Elizabeth Stolar, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On November 7, 2025, the parties filed a joint stipulation concerning the
petition for compensation filed by petitioner, Richard J. Tumas, on August 18,
2021. Petitioner alleged that the influenza vaccine he received on October 1, 2019,
which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a),
caused him to suffer from Guillain-Barre Syndrome ("GBS") within the time
period set forth in the Table, and that his GBS was caused-in-fact by the flu
vaccine. Additionally, petitioner claims he developed chronic inflammatory
demyelinating polyneuropathy ("CIDP") as a result of the flu vaccine, and that the
flu vaccine significantly aggravated a pre-existing condition. Petitioner represents

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case,
it must be made publicly accessible and will be posted on the United States Court of Federal
Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal
Management and Promotion of Electronic Government Services). This means the Decision will
be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the
parties have 14 days to identify and move to redact medical or other information, the disclosure
of which would constitute an unwarranted invasion of privacy. Any changes will appear in the
document posted on the website.

that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that petitioner sustained a GBS Table injury; denies that the vaccine caused-in-fact or significantly aggravated petitioner's alleged GBS, CIDP, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $107,500.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-l 5(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

RICHARD J. TUMAS,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 21-1718V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Richard J. Tumas ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received a flu vaccine on October 1, 2019.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table. Petitioner also alleges that his GBS was caused-in-fact by his flu vaccine. Petitioner additionally alleges that he developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of the flu vaccine, and the flu vaccine significantly

---

[1] Petitioner filed an amended petition on June 17, 2024.

aggravated a pre-existing condition. Petitioner further alleges that he experienced the residual effects of his condition(s) for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injury.

6. Respondent denies that petitioner sustained a GBS Table injury; denies that the vaccine caused in fact or significantly aggravated petitioner's alleged GBS, CIDP, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$107,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 *et seq.*)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

3

from, or alleged to have resulted from, the flu vaccination administered on October 1, 2019, as alleged in a petition for vaccine compensation filed on or about August 18, 2021, and amended on June 17, 2024, in the United States Court of Federal Claims as petition No. 21-1718V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or his current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's

4

heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
RICHARD J. TUMAS

| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
|---|---|

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____
NANCY R. MEYERS
Turning Point Litigation
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Tel: (336) 645-3320
Email: nmeyers@turningpointlit.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.   Digitally signed by
Beach -S    Jeffrey S. Beach -S
            Date: 2025.11.03
            08:13:59 -05'00'        for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____
CATHERINE E. STOLAR
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-3299
E-mail: catherine.stolar@usdoj.gov

Dated: 11/7/2025

6